# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **INITIAL APPEARANCE** |
| | on Criminal Complaint |
| v. | |
| **EDUARDO FLORES-RUIZ** | CASE NUMBER **25-MJ-395** |

HONORABLE STEPHEN C. DRIES, presiding     Court Reporter: Liberty
Deputy Clerk: Katina Hubacz     Hearing Began: <u>1:06:35</u>
Hearing Held: April 24, 2025 at 1:00 PM     Hearing Ended: <u>1:27:05</u>

**Appearances:**

UNITED STATES OF AMERICA by: Keith S. Alexander
EDUARDO FLORES-RUIZ, in person, and by: Marty Pruhs     ☑ CJA ☐ FDS ☐ RET
U.S. PROBATION OFFICE by: Jesse Sorkness
INTERPRETER: ☐ None ☑ Sworn **(Alexandra Wirth)**

---

☐ Defendant consents to proceed via video
☑ Defendant advised of rights
☐ Court orders counsel appointed
    ☐ Defendant to reimburse at $ <u>Amount</u> per month
☑ Defendant advised of charges, penalties, and fines
☑ Counsel advised of *Brady v. Maryland* requirements (*See* Order below)
☑ **Preliminary Hearing/Arraignment and Plea set for May 8, 2025 at 1:00 PM**

---

<u>Maximum Penalties:</u>
Illegal Reentry
2 yrs IMP, $250,000 fine, 1 yr SR, $100 SA

**BOND:**

GOVT:
- Seeking detention due to nature of offense and actions of Deft when arrested
- Deft faces certain deportation after prosecution
- Little incentive to come to court
- Removed from US in 2013 and reentered
- Factors are strong
- Fingerprints match
- Nothing in file showing he asked to come back to the US
- Circumstances of arrest: serious flight risk
- Charged in March in Milwaukee County of misdemeanor battery & domestic abuse – came to hearing on 4/18/2025 – did not understand was facing deportation – at some point, became aware of ICE agents presence – agents were outside courtroom and were prepared to arrest Deft in a public hallway – Deft exited a different entrance of the courtroom, went to other side of the building to avoid the agents – scrambled to find him – FBI saw him outside the building and the Deft fled – foot pursuit ensued – agents apprehended him on corner of 10th and State
- His actions showed his intent to flee

Case 2:25-cr-00080-PP     Filed 04/24/25     Page 1 of 2     Document 2

- Bond study shows a Milwaukee address – lives with friends but neither were identified – did not have updated address in CCAP either
- There is a ICE detainer in place – if released, ICE will take him into custody – will not remove him from the country just yet will need to work this out with ICE

DEFENSE:
- Asking court to release Deft on O/R bond with conditions
- Not flight risk or danger to community
- Nature of offense – crossed border after being deported – non-violent offense
- Understand may be taken into custody due to ICE hold
- Cites 10th Circuit Case – has to be a serious risk – ICE hold should not be a consideration for the Court
- 32 years old
- Born in Mexico but been in US since 2013 and in Milwaukee
- Only arrested once during this time
- No prior record – facing misdemeanor charge
- No substance abuse issues – not violent
- Employed – working as cook for 13 years
- Living on 3rd and Arthur – doesn't have a phone so couldn't call to get the address, which is why it was unverified – lived off 10th and Lincoln for a few years
- Arrested on 4/13/2025 on misdemeanor battery – jail for 5 days – showed up for court date voluntarily – while at the court date, confusion and fear was brought on by ICE – Wasn't present but understand from what read in the media, Chief Judge was involved and another Judge assisted him – he had counsel present and was acting on advice of counsel – Deft was walking out and heard someone yell his name – see people but not in uniform, fled because was scared – Deft was put into a bad situation where instincts took over
- Believe there are conditions that can be set

GOVT:
- Said lived at Arthur address for 3 years but told PTS he lived there for 2 months - CCAP address is Vliet St – concern about where exactly he lives
- Wasn't going to be confrontational arrest – was to be done in a public hallway

COURT:
- Not danger to community, but do have risk of non-appearance
- There are cases in which individuals not here legally and are released back into community – Judge Adelman had a case where Deft reentered to be with his wife and kids – because he had ties here, he was not likely to go back to Mexico
- This Deft does not have significant ties – no spouse or children, only jobs
- Risk of deportation does not itself equate to risk of flight
- Facing deportation – citizen of foreign country and has more ties there
- Deft has tremendous incentive to flee and is facing serious charges
- Deft is ordered detained

☑ Defendant is ordered detained pending trial (*See* Order of Detention Pending Trial)


**IT IS HEREBY ORDERED** that as required by Federal Rule of Criminal Procedure 5(f), the court **ORDERS** that the government must produce all exculpatory information to the defendant(s) as required by *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny. Failure to comply with this order in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges and contempt proceedings.